IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KIRK LEE LONEY,

    Plaintiff,

v.                                                   Civil Action No. 3:08CV820

DOUGLAS L. WILDER, et al.,

    Defendants.

## MEMORANDUM OPINION

Kirk Lee Loney, a federal inmate proceeding pro se and in forma pauperis, brings this civil action. The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(c), Federal Rules of Civil Procedure 8(a), 20(a), and Loney's compliance with the Court's July 6, 2010 Memorandum Order.

### I. PROCEDURAL HISTORY

Loney's original complaint failed to satisfy Federal Rules of Civil Procedure 8(a)[1] and 20(a).[2] By Memorandum Order dated July

---

[1] A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

[2] When a plaintiff seeks to bring multiple claims against multiple defendants he must also satisfy Federal Rule of Civil Procedure 20(a), which provides:

    (2) Defendants. Persons . . . may be joined in one action as defendants if:

    (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or

1, 2009, the Court ordered Loney to particularize his complaint to comply with the Federal Rules of Civil Procedure. Loney submitted a second complaint on July 29, 2009. This complaint also failed to satisfy the pleading requirements of the Federal Rules of Civil Procedure. The Court noted that "Plaintiff's claims arise from disparate transactions and are not joined by a common question of law or fact." (July 6, 2010 Mem. Order 2.) The Court thus ordered Loney to submit an Amended Complaint and dispense with defendants who may not be joined pursuant to Rule 20(a). The Court admonished Loney that failure to do so could result in dismissal of the action. The Court warned Loney that if his Amended Complaint did not comply with Rule 20(a), then the court would "begin its analysis with the first Defendant named in the body of the complaint, and then drop every Defendant who is not properly joined with that Defendant." (July 6, 2010 Memo. Order 3.)

On November 17, 2010 the Court received Loney's Amended Complaint. The Amended Complaint is before the Court for evaluation pursuant to 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(c), Federal Rules of Civil Procedure 8(a), 20(a), and Loney's compliance with the Court's July 6, 2010 Memorandum Order.

---

>> arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

## II. PRELIMINARY REVIEW

Under the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A; see 42 U.S.C. § 1997e(c). The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952. This principle only applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are

no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (emphasis added) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 129 S. Ct. 1950. Thus, plaintiffs cannot satisfy pleading requirements with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements

of [his or] her claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir.2002)).

### III. ANALYSIS

The Federal Rules of Civil Procedure place limits on a plaintiff's ability to join multiple defendants in a single pleading. See Fed. R. Civ. P. 20(a). "The 'transaction or occurrence test' of the rule . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'" Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir.1983) (quoting Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir.1974)). "But, Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" Sykes v. Bayer Pharm. Corp., 548 F. Supp. 2d 208, 218 (E.D. Va.2008) (alterations in original) (quoting Lovelace v. Lee, No. 7:03cv00395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). "And, a court may 'deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of [promoting convenience and expediting the resolution of disputes], but will result in prejudice, expense, or

delay.'" Id. (quoting Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007)).

The Court's obligations under the PLRA include review for compliance with Rule 20(a). See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("The district court did not question George's decision to join 24 defendants, and approximately 50 distinct claims, in a single suit. It should have done so.").[3] Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that these complaints have produced but also to ensure that prisoners pay the required filing fees. 28 U.S.C. § 1915(g); Showalter v. Johnson, No. 7:08cv00276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009) ("To allow [plaintiff] to pay one filing fee yet join disparate claims against dozens of parties flies in the face of the letter and spirit of the PLRA."). "Furthermore, a Plaintiff

---

[3] Although Rule 18(a) permits a plaintiff to "join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party," the courts cannot ignore the limitations of Rule 20(a). George, 507 F.3d at 607 (quoting Fed. R. Civ. P. 18(a)); see 7 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1655 (3d ed. 2009) ("Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.").

cannot satisfy the requirements of Rule 20(a) with conclusory allegations of a conspiracy." Jackson v. Olsen, No. 3:09cv43, 2010 WL 724023, at *3 (E.D. Va. Mar. 1, 2010) (citing Williams v. Raemisch, No. 3:09cv00485, 2009 WL 3516312, at *2 (W.D. Wis. Oct. 28, 2009)); see Robinson v. Johnson, 3:07cv00449, 2009 WL 874530, at *1 n.2 (E.D. Va. Mar. 26, 2009). With these principles in mind, the Court turns to the allegations in the Amended Complaint.

The Amended Complaint names at least thirty-four Defendants. Loney alleges that a wide-ranging conspiracy existed among Defendants to violate Loney's civil rights. (Am. Compl. ¶ 1.) According to Loney, this conspiracy involved, inter alia, police officers battering Loney (Am. Compl. ¶ 7), illegal interrogations (Am. Compl. ¶ 12), denial of medication (Am. Compl. ¶ 16), denial of a vegetarian diet (Am. Compl. ¶ 16), denial of access to the law library (Am. Compl. ¶ 16), exposure to bodily fluids (Am. Compl. ¶ 17), exposure to freezing temperatures (Am. Compl. ¶ 18), denial of a wheelchair (Am. Compl. ¶ 19), and threats of violence (Am. Compl. ¶ 25). It is apparent that Loney has submitted the sort "mishmash of a complaint" that the rules governing joinder of parties aim to prevent. George, 507 F.3d at 607.

Although Loney alleges that a conspiracy exists among the police officers, prison officials, medical staff, and political figures, Loney has not stated any plausible claim for a conspiracy to deprive Loney of his civil rights. Because Loney's allegation

of a conspiracy "amounts to no more than a legal conclusion, on its face it fails to assert a plausible claim." Francis v. Giacomelli, 588 F.3d 186, 197 (4th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1950; Gooden v. Howard Cnty., Md., 954 F.2d 960, 969-70 (4th Cir. 1992)); see Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 184-85 (3d Cir. 2009) (dismissing conclusory allegations of a conspiracy) (citing Crabtree v. Muchmore, 904 F.2d 1475, 1480-81 (10th Cir. 1990)).

In order to satisfy his pleading burden with respect to a conspiracy, Loney "needed to plead facts that would 'reasonably lead to the inference that [Defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan.'" Ruttenberg v. Jones, 283 F. App'x 121, 132 (4th Cir. 2008) (quoting Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996)). "[T]he bare, conclusory allegation that the [D]efendants conspired to violate his constitutional rights" is insufficient. Id. Accordingly, Loney's broad claims of an overarching conspiracy, which encompasses all of the named defendants, will be DISMISSED WITHOUT PREJUDICE.

Absent a plausible claim of conspiracy, Loney has failed to articulate a common question of law and fact for all of the named defendants. See Fed. R. Civ. P. 20(a). Furthermore, it is apparent that Loney's various causes of action do not arise "out of the same

transaction, occurrence, or series of transactions or occurrences."
Id.

Accordingly, the Court will proceed with the analysis it announced in the July 6, 2010 Memorandum Order. That is, the Court will review the body of the Amended Complaint and "begin its analysis with the first Defendant named in the body of the complaint, and then drop every Defendant who is not properly joined with that Defendant."[4] (July 6, 2010 Mem. Order 3.)

Loney begins his running list of allegations in paragraph six of his Amended Complaint. The Court construes paragraphs six through ten as Loney's first cause of action. Loney's first cause of action reads:

> 6. On and about the night of December 8th, 2006 Officer Sims and Trooper George were driving crazy behind me, and I didn't know who they were. I heard a gunshot, so I took off; not knowing that Officer Sims and Trooper George had conspired to pull the car over.
>
> 7. Officer Sims and Trooper George and other unknown officers beat me severely; bringing me around with smelling sauce and then beating me unconscious; several times, after forcing me into a major accident.
>
> 8. I was beaten by police before I was handcuffed and after I was handcuffed. At the emergency room, I was beat some more while floating in and out of consciousness. I was administered several rounds of smelling sauce at the scene and the E.R. to be

---

[4] "Such a procedure fosters the objectives of the Rules of Civil Procedure[] of expediting the resolution of disputes, without further squandering scarce judicial resources on 'disputes that are not structurally prepared to use those resources efficiently.'" Jackson, 2010 WL 724023, at *8 n.10 (quoting Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1279-80 (11th Cir. 2006)).

9

> questioned, after being involved in a major accident which to be, too much, for my heart and had to be rushed into an intensive care unit, once a doctor walked up and screamed on medical staff and police, saying, "Why haven't this man been placed on high alert!"
>
> 9. One unknown officer tore my gold tooth from the gum leaving it hanging by a thread, before the doctor screamed on them.
>
> 10. The next night, December 9th, 2006, after being released from the intensive care unit, a deputy sheriff told his mother over the hospital phone, "I wouldn't piss on him to put out the flames if he was on fire." (Somebody he referred to as "Ma.") (All deputies were instructed to play highspeed chase videos, also; at M.C.V.)

(Am. Compl. ¶¶ 6-10.) All subsequent paragraphs are unrelated to this first cause of action. For example, the next paragraph alleges that three days after this incident, a nurse asked a sheriff's deputy to loosen Loney's leg irons. (Am. Compl. ¶ 11.) Therefore, Loney's claims in paragraphs eleven through forty-five of the Amended Complaint will be DISMISSED WITHOUT PREJUDICE. The Court will DISMISS all Defendants except Officer Mark Sims, Trooper George, and Unknown Officers #1 (collectively "Remaining Defendants").[5] The Court will ORDER service of process on the Remaining Defendants.

---

[5] "Unknown Officers #1" includes (1) the unknown officers referenced in paragraphs seven and eight of the Amended Complaint, (2) the unknown officer referenced in paragraph nine of the Amended Complaint, and (3) the deputy sheriff referenced in paragraph ten of the Amended Complaint.

Should Loney wish to pursue claims based on allegations other than those presented in paragraphs six through ten of his Amended Complaint, he must file a new action.

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Loney.

An appropriate Order shall accompany this Memorandum Opinion.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 12, 2011