IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| KIRK LEE LONEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:08CV820 |
| ) | |
| MARK SIMS, et al. ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION TO OBJECT AND AMEND MEMORANDUM OPINION

MARK SIMS ("Officer Sims"), pursuant to Rules 15 and 59(e) of the Federal Rules of Civil Procedure and Local Rule 7, submits this Memorandum in Response to Plaintiff's Motion to Object and Amend Memorandum Opinion in this case.

### I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Kirk Lee Loney, ("Loney"), a federal inmate proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983, following his arrest in the City of Richmond in 2006. Loney contends that co-Defendant Virginia State Trooper Raymond George, along with Office Sims of the City of Richmond Police Department, who were working together on a joint state/local task force, violated Loney's constitutional rights. Specifically, Loney contends that Trooper George and Officer Sims violated his rights under the Fourth Amendment by using excessive force to effect Loney's arrest; that Trooper George and Officer Sims violated Loney's right to due process by using excessive force against Loney after he was arrested; that Trooper George and Officer

Sims violated Loney's right to free speech under the First Amendment; and finally, that Trooper George and Officer Sims violated Loney's rights under the Fifth Amendment.[1]

As to Officer Sims, he filed his motion for summary judgment, and by memorandum opinion and order, dated December 9, 2011, the District Court granted his motion. On December 29, 2011, Loney filed what he titled "Objection." (Doc. No. 133) In that document he listed various objections to what appeared to be facts and finding set out in the district court's memorandum opinion. On January 9, 2012, Loney filed a second document he entitled "Motion to Object and Amend to Document 126 Pursuant to F. Civ. R. 15 and 59(e).[2] (Doc. No.136) Once again, he listed various objections to what appeared to be facts and findings in the district court's memorandum opinion. Officer Sims now responds to this second pleading.[3]

## II. ARGUMENT

### A. Loney's Rule 15 motion should be denied.

Curiously, Loney asks this Court for relief pursuant to Rule 15, F.R.C.P. That rule, however, is designed to permit a party to amend its own pleading sunder the appropriate circumstances. It is not intended to permit a party to amend the orders of a

---

[1] The District Court's Memorandum Opinion sets out in significant detail the facts leading up to and contemporaneous with Loney's arrest as gleaned from the record. The District Court's recitation of those facts is accurate and the facts are beyond dispute. They need not be repeated here.

[2] Document 126 is the CM/ECF designation to the District Court's Memorandum Opinion granting George's motion for summary judgment.

[3] Loney's filing of December 29, 2011, did not address any particular rule or request any specific relief. Rather it appeared somewhat akin to the objections a *pro se* litigant might file in response a magistrate judge's report and recommendation. Consequently, that pleading did not appear to require any response by Officer Sims. Loney's filing of January 9, 2011, however, appear to seek amendment of the District Court's Memorandum Opinion pursuant to Rule 15, and to alter or amend the judgment pursuant to Rule 59(e). This pleading does support a brief response by Officer Sims.

district Court. Loney's request for relief under that rule is therefore inappropriate and should be denied.[4]

### B. Loney fails to meet the requirements of Rule 59(e).

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, courts have determined that there are three grounds for amending an earlier judgment: "1) to accommodate an intervening change in controlling law; 2) to account for new evidence not available at trial; or 3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.). A Rule 59(e) motion, however, is not to be used "or raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that a party had the ability to address in the first instance." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Moreover, a litigant's mere disagreement with the district court's findings and conclusions, are insufficient to justify Rule 59(e) relief either. *Hutchinson v. Staton*, at 1082. Finally, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." 148 F.3d at 403.

In our case, Loney does not meet any of these prongs. In fact, all that Loney appears to do is once again "object" to some of the evidence proferred by Trooper George and Officer Sims in support of summary judgment and to some of the findings made by the District Court in arriving at its conclusion that summary judgment was appropriate in this instance. This is insufficient to warrant Rule 59(e) relief.

---

[4] In the off-chance, that Loney truly wishes to amend one of his pleadings, to do so he must first satisfy Rule 59(e) and the judgment must be cavated before he is permitted to do so. *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). Since as argued *infra*, the judgment should not be vacated because the motion does not meet the standards required under Rule 59(e), Loney's motion to amend should also be denied.

Thus, Loney' Rule 59(e) motion should also be denied.

Respectfully Submitted,

MARK SIMS

By Counsel

_____/s/_____
Brian K. Telfair, Esq.
VSB No. 40516
Deputy City Attorney
Office of the City Attorney
City Hall, Room 300
900 East Broad Street
Richmond, Virginia 23219
Telephone: (804) 646-7953
Facsimile: (804) 646-7939
Brian.Telfair@richmondgov.com
Counsel for the Defendant Mark Sims

## CERTIFICATE

I hereby certify that on this 17th day of January 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Steven Hall
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219
Counsel for Defendant George

and was mailed first-class, postage prepaid, to the following:

Kirk Lee Loney
Federal Correctional Center
Petersburg Medium
P. O. Box 1000
Petersburg, Virginia 23804
Pro Se Plaintiff

/s/
Brian K. Telfair, Esquire
VSB No. 40516
Deputy City Attorney
Office of the City Attorney
City Hall, Room 300
900 East Broad Street
Richmond, Virginia 23219
Telephone: (804) 646-7953
Facsimile: (804) 646-7939
Brian.Telfair@richmondgov.com
Counsel for the Defendant Mark Sims