IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KIRK LEE LONEY,

    Plaintiff,

v.                                                     Civil Action No. 3:08CV820

DOUGLAS L. WILDER, et al.,

    Defendants.

**MEMORANDUM OPINION**

Plaintiff Kirk Lee Loney, a federal inmate proceeding pro se, brings this action. On May 12, 2011, by Memorandum Opinion and Order, the Court dismissed all Defendants except Defendants Sims, George, and Unknown Officers # 1 and ordered Loney to serve Defendants within 120 days from the entry thereof. Loney v. Wilder, No. 3:08CV820, 2011 WL 1827440, at *4 (E.D. Va. May 12, 2011). On December 9, 2011, 211 days after the entry of the May 12, 2011 Order, the Court by, Memorandum Opinion and Order, directed Loney to show cause, within eleven days of the entry thereof, why Defendants Unknown Officers # 1 should not be dismissed for failure to effect service. Loney v. Wilder, No. 3:08CV820, 2011 WL 6148626, at *12 (E.D. Va. Dec. 9, 2011).[1] On December 20, 2011, Loney placed a Motion for Enlargement of Time ("Motion") (Docket No. 131) in the prison mailing system.

---

[1] In the December 9, 2011 Memorandum Opinion and Order the Court granted motions for summary judgment from Defendants Sims and George. Loney, 2011 WL 6148626, at *12.

Federal Rule of Civil Procedure 4(m) states that, absent good cause shown, this Court must dismiss any action against a defendant not served within 120 days after the filing of the complaint. Good cause "requires a showing that the plaintiff 'made reasonable and diligent efforts to effect service prior to the 120-day limit, which may include a showing that plaintiff's attempts at service were unsuccessful due to a putative defendant's evasion of process.'" Hai Xu v. FMS Fin. Solutions, LLC, No. ELH-10-3196, 2011 WL 2144592, at *2 n.3 (D. Md. May 31, 2011) (quoting Quann v. Whitegate-Edgewater, 112 F.R.D. 649, 659 (D. Md. 1986)). "Pro se status, however, is insufficient to establish good cause, even where the pro se plaintiff mistakenly believes that service was made properly." Hansan v. Fairfax Cnty. Sch. Bd., 405 F. App'x 793, 794 (4th Cir. 2010) (citing McNeil v. United States, 508 U.S. 106, 113 (1993); Jonas v. Citibank, 414 F. Supp. 2d 411, 416 (S.D.N.Y. 2006)).

More than 250 days have elapsed since the Court ordered Loney to serve defendants. In his Motion, Loney states no reasonable and diligent efforts, made either by him or on his behalf, to serve Unknown Officers #1. Additionally, Loney fails to offer the Court any hope that Unknown Officers # 1 will be properly served in the foreseeable future. Sewraz v. Long, No. 3:08CV100, 2012 WL 214085, at *3 (E.D. Va. Jan. 24, 2012) (dismissing defendants where plaintiffs failed to serve

2

defendants within the 120-day period and failed to suggest means for effecting service in the future (citing Myers v. Schroder, No. 09-528 (RHK/JJK), 2010 WL 2777483, at *8 (D. Minn. June 4, 2010)); Greene v. Neven, No. 3:07-CV-00474-LRH-VPC, 2010 WL 1300903, at *2 (D. Nev. Feb. 10, 2010) (dismissing defendants where plaintiff failed to show good cause existed for a fifteen-month delay in service and failed to show "that he [would] be able to effectuate service . . . at any time in the future."); see Villeneuve v. Connecticut, No. 09-13-P-S, 2009 WL 1783540, at *2 (D. Me. June 22, 2009) ("The court cannot countenance the bringing of an action . . . to languish on its docket until some indefinite future date when the plaintiff may actually be able to serve those defendants."). Thus, Loney fails to show good cause. Accordingly, Loney's Motion (Docket No. 131) will be denied, all claims against Defendant Unknown Officers # 1 will be dismissed without prejudice, and the action will be dismissed.

Loney filed both a Motion to Object and a Motion to Correct an Error in the Motion to Object challenging the Court's earlier disposition of his motion to show cause. This motion to show cause challenged VCU Health Systems's compliance with a subpoena duces tecum. On December 22, 2011, the Court, by Memorandum Order, found VCU Health Systems in compliance with the subpoena duces tecum and denied Loney's motion to show cause. Loney v.

3

Wilder, No. 3:08CV820 (E.D. Va. Dec. 22, 2011). In his current motions, Loney continues to argue that VCU Health Systems has not complied with the subpoena duces tecum. (Mot. Object 1, 3.)[2] The Court again finds that VCU Health Systems has complied with the subpoena duces tecum.[3] Accordingly, Loney's Motion to Object and Motion to Correct an Error (Docket Nos. 133, 134) will be denied.

Loney further submits a second Motion to Object ("Second Motion to Object" (Docket No. 136)) in which he challenges the Court's December 9, 2011 Memorandum Opinion and Order. This submission did not include, as it must, any "citation of the authorities upon which [Loney] relies." E.D. Va. Loc. Civ. R. 7(F)(1). Rather, in the Second Motion to Object, Loney makes only bald assertions that the Court used incorrect legal standards and made incorrect factual inferences. Accordingly, the Second Motion to Object (Docket No. 136) will be denied.

---

[2] The Court refers to the page numbers assigned to this document by the CM/ECF system.

[3] VCU Health Systems submitted a response to Loney's Motion to Object. (Docket No. 140). In this submission, VCU Health Systems reiterates that all of the medical records belonging to "Kirk Lee Loney" or "Kirk Loney," even those outside of the dates requested, were submitted in response to the subpoena duces tecum. (VCU Response Mot. Obj. 1-2.)

The Clerk is directed to send a copy of the Memorandum Opinion to Loney and counsel of record.

An appropriate Order shall issue.

/s/ R E P
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 23, 2012