IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| KIRK LEE LONEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:08CV820 |
| ) | |
| MARK SIMS, et al. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## OBJECTION TO PLAINTIFF'S MOTION
## FOR LEAVE TO FILE AN AMENDED COMPLAINT

City of Richmond Police Officer Mark Sims ("Officer Sims"), pursuant to Rules 15 and 19 of the Federal Rules of Civil Procedure, and Local Rule 7, submits this Objection to Plaintiff's Motion for Leave to File an Amended Complaint.

### I. FACTUAL AND PROCEDURAL HISTORY

On December 15, 2008, Plaintiff, a federal inmate proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. On July 1, 2009, this Court ordered Plaintiff to particularize his complaint to comply with the Federal Rules of Civil Procedure.

Plaintiff did so on July 29, 2009. That pleading also failed to comply with the Rules. Rather, that pleading named 40 individuals and entities as defendants and contained eleven separate claims. This Court noted that "Plaintiff's claims arise from disparate transactions and are not joined by a common question of law or fact." (July 6, 2010 Mem. Order, p. 2). Plaintiff was ordered to file yet another amended complaint and to dispense with those defendants who could not be joined pursuant to Rule 20(a) of the Federal Rules of Civil Procedure (hereafter "Rule ___ F.R.C.P.").

1

Plaintiff filed his amended complaint on November 17, 2010. Despite this Court's prior admonition, the amended complaint also failed to comply with the rules, and was nothing more than a repeat of the "shotgun style" pleading this Court previously found wanting. After reviewing the allegations of the amended complaint, this Court dismissed the majority of the defendants in the action, leaving Officer Sims and Virginia State Trooper Raymond George ("Trooper George"), as defendants.[1] Furthermore, this Court limited the scope of the claims in the amended complaint to those events relating to Plaintiff's arrest by Trooper George and Officer Sims on the evening of December 8, 2006, and the allegations that they used excessive force against Loney at that time, as well as the other events outlined in paragraph six through ten of the amended complaint. The remaining claims, which related to events and alleged wrongs occurring after December 8, 2006, were dismissed from the case. This Court then ordered service of process on Trooper George and Officer Sims and the other remaining Defendants. (May 12, 2011 Mem. Order, pp. 9-10).

Once served, Officer Sims moved for Summary Judgment. By memorandum opinion and order Dated December 9, 2011, the District Court granted that motion.

On December 29, 2011, Plaintiff filed what he titled an "Objection." That document listed various objections to what appeared to be facts and findings in the district court's memorandum opinion. Officer Sims did not respond to that pleading.

---

[1] The Court also allowed the suit to continue as to certain "unknown officers" indentified in paragraphs seven and eight of the amended complaint, an unknown officer identified in paragraph nine, and a deputy sheriff referenced in paragraph ten.

2

On January 9, 2012, Plaintiff filed a second document entitled "Motion to Object and Amend to Document 126 Pursuant to F. Civ. R. 15 and 59(e)."[2] Once again, he noted various objections to what appeared to be facts and findings in this Court's memorandum opinion. Officer Sims responded to this second pleading on January 17, 2012.[3] On February 24, 2012, this Court denied Loney's motion.

Plaintiff has now filed the instant "Motion for Leave to File an Amended Complaint" pursuant to Rule 15(a), 15(c), and 19(a), F.R.C.P. He has also tendered a copy of his proposed "Second Amended Civil Conspiracy Complaint (hereafter "Second Amended Complaint").[4]

For the reasons stated below, Plaintiff's Motion for Leave to File an Amended Complaint should be denied.

## II. ARGUMENT

### A. The Court Should Deny Plaintiff's Rule 15 Motion.

Preliminarily, Rule 15 permits amendment of a party's pleadings, after the period for amended a complaint as a matter of course has expired "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Permission to amend, however, may be withheld "when the

---

[2] Document 126 is the CM/EFC designation to the District Court's Memorandum Opinion granting Sims' motion for summary judgment.
[3] Plaintif's filing of December 29, 2011, did not address any particular rule or request any specific relief. Rather it appeared somewhat akin to the objections a litigant might file in response to magistrate judge's report and recommendation. That pleading did not appear to require any response by Officer Sims. Loney's filing of January 9, 2011, however, appeared to seek amendment of the District Court's Memorandum Opinion pursuant to Rule 15, and to alter or amend the judgment pursuant to Rule 59(e) F.R.C.P.
[4] Plaintiff has also filed what he entitles "Motion to Correct Error R.15 (F.Civ.P.)" in which he seeks to add certain exhibits to the Second Amended Complaint he just submitted. To the extent that a response is required to that motion, it is subsumed in Officer Sims' opposition to the motion to amend.

3

amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Labor v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006), citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). In the instant case, all three factors militating against amendment are present.

First, the Second Amended Complaint revives the same claims against Officer Sims that were previously dismissed by summary judgment, as well as some of the same claims against some of the same defendants previously identified in Plaintiff's amended complaint of November 17, 2010. These claims were dismissed in May 2011.[5] Significantly, this Court ruled at that time, that Plaintiff's amended complaint was nothing more than a "mishmash of a complaint: that the rules governing joinder of parties aim to prevent." (May 12, 2011 Mem. Order, p. 7).

Permitting the filing of this Second Amended Complaint would revive the claims against Officer Sims and once again intermix those claims that dissimilar claims against dissimilar Defendants. It is clear that the facts relevant to Officer Sim's claims would be dramatically different than those against the other Defendants, as would the relevant law. Consequently, it would be prejudicial to Officer Sims to require him to defend the claim against him once again, let alone having to do so at the same time that Plaintiff is seeking relief on multiple unrelated claims, against multiple unrelated defendants. To the extent that the Federal Rules of Civil Procedure were designed to streamline litigation and avoid

---

[5] Some of the Defendants dismissed at that time included Ex-Mayor L. Douglas Wilder; Ex-Richmond Police Chief Rodney Monroe; Officer M.A. Harrison, Officer C. L. Martin, Captain Herman Loney; Sheriff C.T. Woody; Kernelle William Burnette and the Richmond City Jail. They among others are now named in the Second Amended Complaint.

undue burdens and expenses to litigants and the courts, permitting this amendment would be a step backwards, and should not be permitted.

Second, the history of this case reveals multiple filings by Plaintiff, many repetitive in nature, all designed to vindicate what he believes is a grand conspiracy against him. Despite repeated admonitions by this Court, Plaintiff has simply filed, re-filed, and re-filed yet again, many of the same claims against many of the same defendants. While slightly different from prior versions, the Second Amended Complaint is fundamentally no different in quality or kind. Under these circumstances, it is not unreasonable to conclude that this recent amended complaint has been filed in bad faith. On that basis as well, Loney's request to amend should be denied.

Third, this Court has previously ruled that Officer Sims did not violate Plaintiff's constitutional rights. Nothing in the Second Amended Complaint detracts from that ruling, or raises any doubts as to its correctness. For that reason, permitting the filing of this pleading would be futile. Moreover, like prior complaints, this recent edition does nothing to flesh out any conspiracy, or any other viable cause of action against Officer Sims. As noted in this Court's May 2011 memorandum opinion:

> Loney has not stated any plausible clam for conspiracy to deprive Loney of his civil rights. Because Loney's allegation of a conspiracy 'amounts to no more than a legal conclusion, on its fact it fails to assert a plausible claim.'

(May 12, 2011 Mem. Order, pp. 7-8).[6]

Thus, Plaintiff's motion pursuant to Rule 15(a) and 15(c) should be denied.

---

[6] Moreover, in order to grant Plaintiff's, Plaintiff must first have this Court vacate its prior order dismissing Officer Sims. *Laber v. Harvey*, 438 F.3d at 427. He can offer no valid reasons why this Court should do so.

5

## B.     The Court Should Deny Plaintiff's Rule 19 Motion.

Plaintiff's request pursuant to Rule 19(a), amounts to a request that this Court permit him to join newly named individuals and entities as defendants along with Officer Sims. That request, however, has already been ruled on, albeit in a different context. As noted earlier, Plaintiff's amended complaint of November 17, 2010, was pared down by this Court in its May 12, 2011 order. In doing so, this Court noted "a court may 'deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of [promoting convenience and expediting the resolution of disputes], but will result in prejudice, expense, or delay.'" Citing *Lovelace v. Lee,* No. 7:03CV00395, 2007 WL 3069660 at *1 (W.D. Va. Oct. 21, 2007). (May 12, 2011 Mem. Order, pp. 5-6). This Court has already determined that only Officer Sims and a handful of others, were the appropriate Defendants in this Case.[7] Asking the Court to permit joinder of these new individuals and entities would fly in the face of this Court's earlier ruling. It would also fly in the face of the facts pled in the Second Amended Complaint, which clearly do not support joinder. For the foregoing reason, Plaintiff's Rule '9(a) motions should also be denied.

---

[7] Those individuals were identified by this Court as unknown police officers and a deputy sheriff. They did not include, for example, former Mayor Wilder, or former Chief of Police Monroe.

C. **Conclusion**

The procedural history of this case clearly demonstrates that Plaintiff has had his day in Court. In fact, it would not be exaggeration to suggest otherwise. For the reasons stated, Plaintiff's Motion for Leave to File an Amended Complaint, should be denied.[8]

Respectfully Submitted,

MARK SIMS

By Counsel

/s/
Brian K. Telfair, Esq.
VSB No. 40516
Deputy City Attorney
Office of the City Attorney
City Hall, Room 300
900 East Broad Street
Richmond, Virginia 23219
Telephone: (804) 646-7953
Facsimile: (804) 646-7939
Brian.Telfair@richmondgov.com
Counsel for the Defendant Mark Sims

---

[8] In light of Plaintiff's history of filing repetitive pleadings in this case, and to the extent that Officer Sims is periodically required to file responsive pleadings, Officer Sims requests the entry of an Order placing limitations on Plaintiff's right to file any further pleadings in this matter in the future. In the alternative, Officer Sims requests the entry of an Order permitting him not to respond to these continuous pleading as the Court granted him Summary Judgment in December 2011.

7

## CERTIFICATE

I hereby certify that on this 5th day of March, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

George W. Chabalewski
Virginia State Bar Number 27040
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219
Counsel for Defendant George

and was mailed first-class, postage prepaid, to the following:

Kirk Lee Loney
Federal Correctional Center
Petersburg Medium
P. O. Box 1000
Petersburg, Virginia 23804
Pro Se Plaintiff

                      /s/
                Brian K. Telfair, Esquire
                VSB No. 40516
                Deputy City Attorney
                Office of the City Attorney
                City Hall, Room 300
                900 East Broad Street
                Richmond, Virginia 23219
                Telephone: (804) 646-7953
                Facsimile: (804) 646-7939
                Brian.Telfair@richmondgov.com
                Counsel for the Defendant Mark Sims